RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/13/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS DEWAYNE DRAYTON<br>LA DOC #465149 | DOCKET NO. 14-CV-845; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN WINDHAM | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by pro se petitioner Carlos Dewayne Drayton, who is proceeding *in forma pauperis*. Drayton is presently incarcerated at the Lasalle Correctional Center in Olla, Louisiana. He challenges the computation of his sentence as well as the loss of good time from a disciplinary conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner was convicted on April 28, 2010, of being a felon in possession of a firearm, and he was sentenced to 13 years of imprisonment at hard labor. Petitioner complains that he has not received all of the good time credits to which he is due, and that he was wrongfully convicted of a disciplinary violation that resulted in the forfeiture of good time credits. He also complains that he was not provided with credit for a correspondence course that he completed.

Plaintiff was ordered to amend his petition to show proper exhaustion of each and every claim or, alternatively, dismiss those unexhausted claims until they have been properly exhausted. [Doc. #6] The deadline within in which to comply with the amend order was August 7, 2014. The deadline has passed and, as of the date of this order, Plaintiff has failed to amend his petition as instructed.

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). An additional ten days have passed since the June 5th deadline, and Plaintiff has still failed to comply with the Court's order to amend his complaint.

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b).

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 13th day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE